**Krishnil SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71852.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 24, 2007.

James D. Hollister, Law Office of James D. Hollister, Livermore, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica B. Miles, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Krishnil Singh, a native and citizen of Fiji, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review in part, grant it in part, and remand.

The record does not compel the conclusion that the incidents Singh experienced in Fiji constitute past persecution, rather than harassment. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) ("Persecution ... is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)).

Nor are we compelled to conclude that Singh has a well-founded fear of persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019 (9th Cir.2006) (requiring "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution" (internal quotation marks and citation omitted)).

By failing to qualify for asylum, Singh fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

The IJ granted voluntary departure for a 60–day period, while the BIA's order reduced the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore grant the petition for review in part and remand for reinstatement of Singh's 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.